UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-10019-CR-MOORE/SIMONTON

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**CARLOS ENRIQUE ORTEGA BONE,**

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO COMPEL PERFORMANCE

Presently pending before this Court is Defendant Carlos Enrique Ortega Bone's Motion to Compel Performance (DE # 278) seeking to compel the Government to file a motion for a reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35 or § 5k1.1 of the Federal Sentencing Guidelines related to his substantial assistance to the Government.[1] This matter has been referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore, United States District Judge (DE # 279). The Government has responded (DE # 280) and the Defendant has filed a Reply, styled as a traverse (DE # 282).[2] The Government has also filed a Supplement to its Response to the

---

[1] Defendant styled his *pro se* Motion as a "Motion to Compel Coelformance," which the undersigned construes liberally and treats as a motion seeking to compel specific performance of the government to file a motion for reduction of his sentence.

[2] Defendant captioned his Reply (DE # 282) as a "Traverse to Respondent's Response to Petitioner's Petition pursuant to 28 U.S.S. Section 2255," *(sic)*. However, Defendant's original filing (DE # 278) was styled as a Motion to Compel, cited to Federal Rule of Criminal Procedure 35 and the Sentencing Guidelines, and contained no reference to 28 U.S.C. § 2255. Thus, while the undersigned is aware that the Court may view the motion as a collateral attack on the Defendant's sentence pursuant to § 2255, and recharacterize the motion as such, after notice to the Defendant, the undersigned concludes that the Motion is more properly viewed as a Rule 35 Motion seeking a

Motion (DE # 285) and the Defendant has filed a Reply to the Supplement (DE # 286). For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that the Motion be **DENIED**.

I.   BACKGROUND

On July 20, 2005, Defendant Carlos Enrique Ortega Bone ("Bone") and seven co-defendants were charged in a two count Indictment alleging conspiracy to possess with intent to distribute (Count 1) and possession with intent to distribute (Count 2) five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of Title 46 U.S.C. App. § 1903 (DE # 42). On September 14, 2005, Defendant entered into a plea agreement with the Government in which he agreed to plead guilty to Count 1 of the Indictment with the Government agreeing to dismiss Count 2 after sentencing (DE # 115). In addition, the plea agreement, which was initialed by the Defendant and his attorney on the bottom of each page and signed by the Defendant on the last page, contained provisions for the Defendant's cooperation.[3]

---

reduction of Defendant's sentence. *See Castro v. United States*, 540 U.S. 375, (2003) (holding that pro se litigant must be warned before a district court recharacterizes his motion as one brought under § 2255). In addition, although the Government argued in its Response that the Defendant's claim would be untimely if it were viewed as a § 2255 motion, the Defendant did not address the timeliness issue in his Reply, and has not claimed a right to relief under § 2255. The undersigned therefore does not treat the Motion as a collateral attack pursuant to 28 U.S.C. § 2255 and this Report and Recommendation does not address the substantive merits or procedural timeliness of any claims that the Defendant might raise pursuant to that section.

[3] In pertinent part, the Agreement states:

> 10. The defendant agrees that he shall cooperate fully with this Office by:
>
> (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when

**called upon by this Office, whether in interviews, before a grand jury, or at any trial or other court proceeding; and**

**(b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office.**

**11. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from the *advisory sentence* calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines, prior to sentencing, or a Rule 35 motion subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file any such motion(s) and that this Office's assessment of the nature, value, truthfulness, completeness and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned.**

**12. The defendant understands and acknowledges that the Court is under no obligation to grant the motion(s) referred to in the previous paragraph should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.**
...

**15. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises representations, or understandings.**

The plea agreement noted that the court was required to impose a minimum term of imprisonment of 10 years and could impose a maximum term of life imprisonment (DE # 115 at 2).  The Court held a change of plea hearing on September 14, 2005 wherein the Defendant entered his plea of guilty to Count 1 pursuant to the agreement (DE # 284).  At that hearing, the Court inquired whether Mr. Bone had had an opportunity to read and discuss the plea agreement with his lawyer and whether he understood the plea agreement.  Mr. Bone answered affirmatively to both questions.  Mr. Bone also confirmed that the plea agreement represented the entirety of the understanding that he had with the Government and that no one made any other or different promises or assurances to him to get him to enter into the plea (DE # 284 at 3).  The Court accepted his guilty plea; and, on November 29, 2005, Mr. Bone was sentenced to 135 months of incarceration (DE # 170, 171).  Mr. Bone did not appeal his sentence.  On September 28, 2009, Mr. Bone filed the presently pending Motion.

## II.     PARTIES' POSITIONS

In the instant Motion, Defendant seeks to compel the Government to file a motion for a reduction of his sentence based upon the substantial assistance the Defendant asserts he offered to the Government related to the trial of two of his co-defendants.  The Defendant argues that even though he did not testify at that trial, he was willing and prepared to testify and the Government's failure to file a substantial assistance motion is therefore based upon an unconstitutional motive because the Government filed a substantial assistance motion for another similarly situated co-defendant who also did not testify.  The Defendant also asserts that the Government's failure to file a substantial assistance motion constitutes a breach of the plea agreement and oral promises that

were made to him by Government agents.[4]  Defendant also requests that an evidentiary hearing be held on the Motion to Compel.

In response, the Government initially argues that the Defendant's Motion is procedurally barred since he did not raise this issue at sentencing or on direct appeal; and that if the motion is re-characterized as a motion to vacate pursuant to 28 U.S.C. § 2255, it is untimely.[5]  On the merits, the Government contends that although Mr. Bone's plea agreement included a provision for the Government to file a motion seeking a reduction of his sentence for his substantial assistance, Mr. Bone's efforts did not substantially assist in the investigation and prosecution of his co-defendants, notwithstanding his willingness to testify at trial.  The Government acknowledges that it

---

[4] In his Motion, Defendant asserts that he had an "oral negotiated deal" with the Government wherein he was told that he "would not be foreclosed from cooperating" with the Government in contemplation of a sentence reduction; that he "trusted an oral agreement with the agents;, that he was promised that he was going to get a reward just for the fact that he was ready and willing to testify"; and that he did not enter into a "standard written agreement" with the Government.  However, Defendant does not dispute that he signed a written plea agreement which served as the basis for his guilty plea and cites to the written plea agreement in his Motion (DE # 278 at 2). Thus, it is not entirely clear whether Defendant alleges that the Government breached the written plea agreement or the purported oral agreement between the Defendant and its agents. However, as discussed *infra*, the undersigned's recommendation regarding the Defendant's Motion is the same whether under either ground.

[5] It is not necessary to reach the procedural arguments since, on the merits, it is clear that Defendant Bone is not entitled to relief.  In this regard, however, the undersigned notes that the appropriate deadline for filing such a motion may well be governed by Fed. R. Crim. P. 35(b), which requires the government to file any motion for reduction of sentence within one year of the sentencing, with certain exceptions for circumstances not involved in the case at bar.  Thus, even if the Government wanted to file a motion to reduce sentence in the case at bar, it appears this Court would lack jurisdiction to grant the motion.  *See, e.g. United States v. Orozco*, 160 F.3d 1309 (11thCir. 1998); *United States v. Dunlap*, 329 Fed. Appx. 869 (11th Cir. May 13, 2009); *United States v. Castillo*, 212 Fed. Appx. 844 (11th Cir. Dec. 22, 2006).  Neither side has addressed this issue, however, and therefore, this Report and Recommendation is based on the Defendant's failure to establish any right to relief.

filed substantial assistance motions for three co-defendants, two of whom testified against other co-defendants, and one, Jorge Gustavo Milan-Donayre, who like Mr. Bone was willing to, but did not, testify at the other co-defendants' trial.[6] The Government states that co-defendant Milan-Donayre was not called to testify at trial for tactical reasons and maintains that the substantial assistance motion was not filed on behalf of Mr. Bone because he was not as valuable a witness as the other three co-defendants due to his prior record, his senior position on the vessel and his limited information regarding loading the drugs aboard the vessel (DE # 280 at 6). The Government therefore argues that Mr. Bone has failed to make a substantial showing that the Government's decision not to file a substantial assistance motion on his behalf was based on an unconstitutional motive. In addition, the Government asserts that the written plea agreement between the Parties was not breached because the Government had the sole and unreviewable judgment to determine whether Mr. Bone substantially assisted the Government in its case. Finally, the Government asserts that the written plea agreement comprised the entirety of the agreement between the Parties and Mr. Bone should not have signed the plea agreement if it did not comport with any oral promises made to him by agents regarding the Government's agreement to file a substantial assistance motion.

In his Reply, Mr. Bone counters that he was similarly situated to the other co-defendants as evidenced by the fact that four defendants, including Mr. Bone, were transported to Key West to testify in the trial of other co-defendants, but the Government chose to only have two of the four co-defendants testify. In support of this assertion,

---

[6] The trial of these co-defendants occurred in late September 2005, after Defendant Bone pled guilty, but before he was sentenced (See DE # 159).

Mr. Bone has submitted a sworn affidavit from co-Defendant Jorge Gustavo Milan-Donayre stating that he was transported with Mr. Bone and two other co-defendants to testify at trial in Key West against other co-defendants, and that although he was not called to testify, he received the benefit of a substantial assistance motion by the Government after being debriefed (DE # 283).[7]

### III.     LAW & ANALYSIS

Pursuant to Federal Rule of Criminal Procedure 35(b) and/or § 5K1.1 of the Federal Sentencing Guidelines, a district court may, upon motion of the government, reduce a defendant's sentence based on the defendant's substantial assistance in investigating or prosecuting another person.  However, it is clear that the government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *United States v. Forney*, 9 F.3d 1492 at 1500 (11th Cir. 1993) (considering government's obligation to file substantial assistance motion in U.S.S.G. § 5K1.1 substantial assistance context).  The Defendant herein asserts that the Government should be compelled to file a motion to reduce his sentence because the Government failed to do so based upon an unconstitutional motive and in breach of the plea agreement.

---

[7] The Government's Supplemental Response to the Motion to Compel Motion to Reduce Sentence (DE # 285) only supplements the Government's original response to include citations to specific portions of the transcripts of the proceedings in this matter. The Defendant's response (styled as a "traverse") to the Government's Supplemental Response only reiterates the Defendant's argument that he raised in his original Reply wherein he argued that because the Government transferred Mr. Bone to the Key West Courthouse so that he could testify, that he therefore provided substantial assistance and is entitled to a reduction.  To the extent the Defendant makes a vague reference to the nature of his statements made at his Plea Colloquy, the Defendant did not raise this issue in his Motion or in his original Reply and the undersigned therefore does not pass on the merits of any claim related to the Plea Colloquy.

### A. Unconstitutional Motive or Bad Faith

In *Wade v. United States*, 504 U.S. 181 (1992), the United States Supreme Court set forth the standard to be used in determining whether the government can be compelled to file a motion for reduction of sentence based upon a claim by the defendant that he has provided substantial assistance which the government has wrongfully refused to recognize. The Court held that review of the government's refusal to file a substantial-assistance motion is appropriate if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as race or religion. *Wade*, 504 U.S. at 185-87. Without such a showing, the defendant has no right to discovery or an evidentiary hearing on this issue. *Id*. 504 U.S. at 186. However, the Court in *Wade* noted that a defendant would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate government interest. *Id.* at 186.

In *United States v. Forney*, 9 F.3d 1492 (11th Cir. 1993), the Eleventh Circuit applied *Wade* to strictly construe the circumstances under which the government can be required to file a substantial assistance motion in the context of a plea agreement. In upholding the government's refusal to file a motion, the Court emphasized that the defendant had failed to allege an unconstitutional motive. The Court emphasized the broad discretion of the prosecution in this area, and that the role of the Court is not to evaluate the assistance rendered by a defendant unless and until the government files a substantial assistance motion. In sum, courts are not permitted to intrude into the exercise of prosecutorial discretion, absent unconstitutional motives. *Id.* at 1502, n.4. Although the Court at least implied that a claim of bad faith was not subject to judicial review, it specifically ruled that Forney had not raised the issue of bad faith with

8

sufficient specificity in the court below.[8]

Similarly, in *United States v. Nealy*, 232 F.3d 825 (11th Cir. 2000), the Eleventh Circuit reaffirmed the principles announced in *Forney*. In *Nealy*, the government conceded that the defendant had provided what would otherwise qualify as substantial assistance meriting a motion for downward departure; however, the government refused to file the motion based upon the defendant's involvement in subsequent criminal activity. The defendant claimed that it was a violation of due process for the government to refuse to file such a motion for reasons other than the nature of the substantial assistance provided. Once more, the Court refused to limit prosecutorial discretion. The Court considered and rejected the due process claim, apparently on the merits, and held that judicial review is limited "to claims of unconstitutional motive," which had not been alleged. *Id.* at 831.

In this case, the Defendant has failed to make a substantial showing that the Government's refusal to file a substantial assistance motion on his behalf was based upon an unconstitutional motive. Specifically, although the Defendant asserts that he should have received the same treatment as co-defendant Milan-Donayre because they were similarly situated, he does not allege that any purported difference in treatment was based upon his race, religion or other unconstitutional ground as contemplated by the Supreme Court in *Wade*. Rather, the Defendant merely makes generalized allegations akin to those rejected by the Court in *Wade,* and thus he is not entitled to relief, discovery or a hearing on this issue. See *United States v. Weeks*, 295 Fed. Appx.

---

[8] "Forney's attempt to allege bad faith by the government for not making a 5K1.1 motion is unavailing because he did not raise this objection with the district court at the sentencing proceeding." *Forney*, 9 F.3d at 1500.

942, 946 (11th Cir. Oct. 6, 2008) (citing to Wade and affirming district court's denial of evidentiary hearing on government's refusal to file substantial assistance motion where defendant failed to make threshold substantial showing that refusal to file motion was based upon unconstitutional motive).

The Defendant has also failed to make a showing that the Government's decision to not file a substantial assistance motion was based upon bad-faith. Although the Eleventh Circuit has not specifically addressed bad faith as an additional potential ground for relief under these circumstances, See United States v. Gilmore, 149 Fed.Appx. 883, 888 n. 5 (11th Cir. Sept. 6, 2005) (noting that 11th Circuit has not addressed other grounds for relief for failure to file substantial assistance motion other than unconstitutional motive), as stated above, the Supreme Court in Wade noted that relief might be available if the Government's actions were not rationally related to any legitimate government interest.[9]  However, the undersigned finds that in this case, the Defendant has failed to make any showing that the Government's refusal to file a motion was in bad faith and not rationally related to any legitimate government end. Rather, the Government offered a reasonable explanation of why it treated Mr. Bone differently than his co-defendants, namely that he was not similarly situated to those defendants due to his own circumstances that rendered him a less valuable witness with limited

---

[9] The undersigned is aware that in several recent unpublished Eleventh Circuit opinions, the Court has denied relief to defendants who argue that the government's bad-faith actions in refusing to file a substantial assistance motion is sufficient to justify judicial review of the government's decision to not file the substantial assistance motion.  See United States v. Jones, 2010 WL 934652 *1 (11th Cir. March 17, 2010); United States v. Rains, 2010 WL 537077 *3 (11th Cir. Feb. 17, 2010); United States v. Green, 192 Fed. Appx. 823, 825 (11th Cir. July 17, 2009); United States v. Whittaker, 223 Fed. Appx. 886 (11th Cir. April 25, 2007). The Eleventh Circuit however has not directly addressed the issue in a published opinion.

information. The Defendant did not refute the Government's explanation for different treatment in his Reply, and did not allege that there was any other motive or bad faith reason for the Government's decision to not file a substantial assistance motion on his behalf. The fact that one defendant is given the benefit of a substantial assistance motion as opposed to another defendant does not, standing alone, provide the basis for finding that the Government acted in bad faith. *See United States v. Green*, 192 Fed. Appx. 823 (11th Cir. July 17, 2009). In addition, in *Nealy*, the reviewing court rejected a defendant's argument that the government may not refuse to file a substantial-assistance motion for reasons other than the nature of the defendant's substantial assistance. Finally, the Eleventh Circuit has stated that "[t]he substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts." *United States v. Orozco*, 160 F.3d 1309, 1316 (11th. Cir. 1998) (quotation omitted). Thus, it does not matter that the Defendant asserts that he attempted to provide substantial assistance to the Government in this case, absent a showing of impermissible conduct by the Government in this regard.

Therefore, Defendant has failed to make a threshold showing the Government impermissibly failed to seek a downward departure based upon an unconstitutional motive or based upon bad faith.

### B. Breach of Plea Agreement

To the extent that Defendant claims that the Government breached the written plea agreement by failing to file a substantial assistance motion, the argument fails because the Government was not required to file such a motion under the terms of the plea agreement, even if the Defendant was willing to or actually did provide substantial

assistance. Indeed, the Eleventh Circuit has held that when a plea agreement only requires that the government "consider" filing a substantial assistance motion, the government does not breach a plea agreement when it ultimately decides not to file such a motion. *United States v. Forney*, 9 F.3d 1492 (11th Cir. 1993). *See also United States v. Gilmore*, 149 Fed. Appx. 883, 889 (11th Cir. Sept. 6, 2005) (discussing holding in *Forney* and finding that government did not breach plea agreement where it only was required to consider filing a substantial assistance motion).

In this case, the plea agreement specifically provides that the government *may* file a downward departure motion if in its "sole and unreviewable judgment" the government determines that the defendant's cooperation was of "such quality and significance to the investigation or prosecution of other criminal matters" that it warrants such a motion. In addition, the agreement states that the Government's assessment of, among other things, the value of the "defendant's cooperation shall be binding" with regard to filing such a motion and that nothing in the agreement requires the government to file such a motion. Thus, the Government did not agree that it *would* file a downward departure substantial assistance motion after its assessment of the quality and significance of the defendant's cooperation, but rather that it "may" do so. The limitation of the Government's agreement on this point is made manifest when compared to another section of the plea agreement wherein the Government explicitly agrees to recommend at sentencing a two level reduction from the applicable guideline level for the defendant's acceptance of personal responsibility. (DE # 115 at 3). Thus, similar to *Forney*, the Government in the instant matter did not breach the plea agreement by ultimately deciding not to file a substantial assistance motion on behalf of Defendant because it was not required to do so under the express language of the

agreement. As such, the Court has no jurisdiction to review whether Defendant in fact offered substantial assistance because the plea agreement makes clear that such a determination rests solely in the hands of the government. *See United States v. Mignott*, 278 Fed. Appx. 997 (11th Cir. May 27, 2008) (citing *Forney*, 9 F.3d at 1499-1502).

Similarly, Defendant's allegations that government "agents" made oral promises that a substantial assistance motion would be filed on his behalf do not entitle him to the relief he seeks. Although the government is bound by any material promises made to a defendant as part of a plea agreement that induces the defendant to plead guilty, *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996), in this case, there was a written plea agreement that set forth the terms of the agreement between the Parties. At the plea colloquy, the District Judge specifically inquired about the written plea agreement (DE # 284). Defendant confirmed that the written plea agreement reflected and included the only promises that had been made to Defendant in exchange for his plea of guilty. *Id*. at 3. There is a strong presumption that the statements made during a plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Moreover, the written plea agreement signed by Defendant clearly states that it is the entire agreement between the Parties and that there are no other agreements, promises, representations, or understandings. Generally, courts will not countenance the enforcement of oral promises that contradict or expand a written plea agreement where the plea agreement includes an integration clause that states that there are no other agreements. *United States v. Al-Arian*, 514 F.3d 1184, 1193 (11th Cir. 2008), cert. denied, 129 S.Ct. 288 (2008). Defendant herein has not raised any claim that he did not understand or did not voluntarily sign the plea agreement and the plea agreement is not ambiguous regarding the Government's discretion to file a substantial assistance

motion. Thus, any representations made prior to Defendant executing the written plea agreement that allegedly are different from the plea agreement may not now be relied upon by Defendant to assert that the Government breached its oral promises. Similarly, any oral promises that may have been made after Defendant pled guilty are of no consequence as they did not serve as the basis for the Defendant's guilty plea. *See e.g. United States v. Bernal-Madrigal*, 346 Fed. Appx. 397, 401 (11th Cir. Aug. 26, 2009) (stating "it is axiomatic that a promise made after a person pleads guilty cannot have been relied on in making that decision").

### IV.     CONCLUSION

In sum, the undersigned Magistrate Judge concludes that Defendant Bone has not made a substantial showing that the Government's decision to not file a motion for reduction of sentence based upon the Defendant's substantial assistance was based upon an unconstitutional motive or not related to a legitimate government end. In addition, the Defendant has failed to demonstrate that the Government breached the written plea agreement between the Parties. Under these circumstances, the District Court does not have jurisdiction to order the government to file a motion for reduction of sentence, or to reduce the sentence in the absence of such a motion. Therefore, the undersigned Magistrate Judge

**RECOMMENDS** that Defendant Carlos Ortega Bone's Motion to Compel Performance (DE # 278) be **DENIED**.

The parties shall have fourteen days to file written objections to this Report and Recommendation. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.,* 996 F.2d

1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE AND SUBMITTED** in Miami, Florida, this 2nd day of June, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
All counsel of record
Via other means:
Carlos Enrique Ortega Bone, pro se